IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JUAN MANUEL ALBARADO | § | |
| VS. | § | CIVIL ACTION NO. 9:17cv49 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Juan Manuel Albarado, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary proceeding for possession of contraband.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be denied with prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

While petitioner lost good conduct time credits as a result of his disciplinary conviction, he states he is not eligible for release on mandatory supervision. Accordingly, the Magistrate Judge correctly concluded he was not entitled to due process of law before receiving the punishment imposed for his disciplinary conviction. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997).

ORDER

Petitioner's objections are therefore **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as

the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion that the petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard that must be met in order to receive a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner is not requited to demonstrate that he would prevail on the merits. Rather, he need only demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented in the petition are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the petition was dismissed on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** this **2** day of **June, 2017.**

_____
Ron Clark, United States District Judge